**Aktiebolaget ASTRA, Plaintiff–Appellant,**

v.

**Bruce A. LEHMAN, Commissioner of Patents and Trademarks, Defendant–Appellee.**

**No. 94–1388.**

United States Court of Appeals, Federal Circuit.

Dec. 13, 1995.

Edward V. Filardi, White & Case, New York City, argued, for plaintiff-appellant. With him on the brief were William A. Schoneman and Zoltan Kerekes. Also on the brief was Carolyn B. Lamm, White & Case, Washington, D.C.

James T. Carmichael, Associate Solicitor, Arlington, Virginia, argued, for defendant-appellee. With him on the brief were Nancy J. Linck, Solicitor, and Albin F. Drost, Deputy Solicitor. Of counsel was Richard E. Schafer.

Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.

RICH, Circuit Judge.

Aktiebolaget Astra (Astra) appeals the March 11, 1994 judgment of the United States District Court for the District of Columbia granting the motion of the Commissioner of Patents and Trademarks (Commissioner) for summary judgment and denying Astra's cross-motion for summary judgment requesting a declaratory judgment that the Notice of Final Determination of Patent Term Extension issued on February 10, 1993 for U.S. Patent No. 4,215,113 ('113 patent) is incorrect as a matter of law. The district court held that the determination of the regulatory review period, from which the patent term extension is derived, is committed by statute to the Secretary of Health and Human Services (Secretary) or the Secretary's

delegate, here the Food and Drug Administration (FDA), and that the Commissioner is not authorized to redetermine or set aside the period determined by the Secretary. We affirm.

## BACKGROUND

Astra's '113 patent, issued July 29, 1980, claims a method for combating viral infections, including AIDS-related diseases, using phosphonoformic acid, the active ingredient in FOSCAVIR. Astra obtained Investigational New Drug (IND) status for FOSCAVIR effective on January 22, 1987. This date begins the "testing phase" of the regulatory review period. Starting on April 2, 1990, Astra began submitting the required data for its New Drug Application (NDA). Astra made an additional submission on April 25, 1990 and a final submission on September 20, 1990. Although the FDA acknowledged receipt of the April 2, 1990 submission, it referred to it as an "early" submission and characterized it as a "presubmission." The FDA's letter stated that in submitting sections of data early, Astra had no assurance that the FDA would initiate the review—the step that begins the "approval phase" or process. The letter also stated that the FDA would not consider the "presubmission" subject to the 180-day review time limit or subject to a filing decision. The NDA was approved on September 27, 1991. *The FDA, under the authority of the Secretary, made a determination that the NDA "approval phase" was not initiated until the submission was complete on September 20, 1990.*

The regulatory review period is defined in 35 U.S.C. § 156(g)(1)(B) (1988) as follows:

The regulatory review period for a new drug, antibiotic drug, or human biological product is the sum of—

["IND" or testing phase]

(i) the period beginning on the date an exemption under subsection (i) of section 505 or subsection (d) of section 507 became effective for the approved product and ending on the date an application was initially submitted for such drug product under section 351, 505, or 507, and

["NDA" or approval phase]

(ii) the period beginning on the date the application was initially submitted for the approved product under section 351, subsection (b) of section 505, or section 507 and ending on the date such application was approved under such section.

Furthermore, a petition is *initially submitted* on the date it contains sufficient information to allow FDA to commence review of the application. 21 C.F.R. § 60.22(f) (1994).

Astra filed an application with the Commissioner pursuant to 35 U.S.C. § 156 to extend the term of the '113 patent. As required by 35 U.S.C. § 156(d), the Commissioner requested the Secretary to make a determination of the regulatory review period. The Secretary notified the Commissioner and Astra, and published the proposed determination in the Federal Register for comment. Astra acknowledges its awareness of its opportunity to contest the Secretary's determination yet did not request a revision or request a hearing pursuant to 21 C.F.R. §§ 60.24, 60.26. Astra, having given up its forum with the Secretary, now wishes to proceed against the Commissioner.

The initial dates for the IND and NDA submissions, as determined by the Secretary, are necessary for the Commissioner, who uses a formula based on those dates, to determine the length of the extension of the patent term. The formula applicable here gives credit toward extension of the patent term for one half of the "testing phase" plus full credit for the "approval phase" of the regulatory review period. Based on the Secretary's determination of the regulatory review period, the Commissioner, in applying the above formula, concluded that the term would be extended by 1042 days (one half of 1338 days for testing plus 373 days for approval). The Commissioner adjusted the term of the '113 patent accordingly.

Astra asked the Commissioner to reconsider the determination of the patent term extension, claiming that the proper determination would have been 1126 days, an addition of 84 days. Astra asserted that the "approv-

al phase" should be lengthened, resulting in consequent reduction in the "testing phase." To support its assertion, Astra argues that the April 2, 1990 "presubmission" date was the "initial submission" date by definition. The request for reconsideration was denied on the ground that the Commissioner has no authority to change or redetermine the regulatory review period made by the Secretary.

Astra next brought suit in the district court, the Commissioner moved for summary judgment which the district court granted and denied Astra's cross-motion, resulting in a dismissal of the case. The district court held that the determination of the regulatory review period is committed by statute to the Secretary and that the Commissioner is not authorized to redetermine or set aside that period as determined by the Secretary.

## DISCUSSION

When reviewing a grant of summary judgment of dismissal, and there are no genuine issues of material fact, the appellate court need only decide the correctness of the lower court's decision on the law before it. Fed. R.Civ.P. 56(c); *Glaxo Operations UK Ltd. v. Quigg*, 894 F.2d 392, 395, 13 USPQ2d 1628 (Fed.Cir.1990). The parties have agreed that the relevant facts are beyond reasonable dispute.

The district court, with agreement of the parties, focused the issues as follows: 1) whether the Commissioner erred in limiting the extension of the term of the '113 patent to 1,042 days; and 2) whether the Commissioner has authority to review and set aside a final determination of a regulatory review period made by the Secretary. These issues raise questions of statutory interpretation, a question of law which we review de novo. *Id.* Because the second issue is dispositive of the first, we begin there.

■ "When ... the terms of a statute [are] unambiguous, judicial inquiry is complete, except in rare and exceptional circumstances." *United States v. James,* 478 U.S. 597, 606, 106 S.Ct. 3116, 3121, 92 L.Ed.2d 483 (1986) (citing cases) (internal quotations omitted). Moreover, absent a "clearly expressed legislative intention to the contrary,"

a statute's plain meaning "must ordinarily be regarded as conclusive." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

■ Here, the terms of the statute are clear and unambiguous. After a copy of the extension application is forwarded by the Commissioner to the appropriate Secretary, the Secretary receiving the application shall review the dates contained in the application and determine the applicable regulatory review period.

35 U.S.C. § 156(d)(2)(A) states:

(A) Within 60 days of the submittal of an application for extension of the term of a patent under paragraph (1), The Commissioner shall notify—

\*    \*    \*    \*    \*    \*

(ii) the Secretary of Health and Human Services if the patent claims any other drug product, a medical device, or a food additive or color additive or a method of using or manufacturing such a product, device, or additive and if the product, device, and additive are subject to the Federal Food, Drug, and Cosmetic Act,

of the extension application and shall submit to the Secretary who is so notified a copy of the application. Not later than 30 days after the receipt of an application from the Commissioner, *the Secretary* receiving the application *shall review the dates* contained in the application pursuant to paragraph (1)(C) *and determine the applicable regulatory review period,* shall notify the Commissioner of the determination, and shall publish in the Federal Register a notice of such determination. (emphasis ours).

The statute thus plainly mandates the Secretary, not the Commissioner, to determine the regulatory review period.

Astra argues that section 156(d)(1) requires both the Commissioner and the Secretary to make the determination. We disagree.

35 U.S.C. § 156(d)(1) states:

To obtain an extension of the term of a patent under this section, the owner of

record of the patent or its agent shall submit an application to the Commissioner. Such an application may only be submitted within the sixty-day period beginning on the date the product received permission under the provision of law under which the applicable regulatory review period occurred for commercial marketing or use. The application shall contain—

\* \* \* \* \* \*

(C) information to enable the Commissioner to determine under subsections (a) and (b) the eligibility of a patent for extension and the rights that will be derived from the extension and information to enable the Commissioner and the Secretary of Health and Human Services or the Secretary of Agriculture to determine the period of the extension under subsection (g). . . .

Although the statute provides that the Commissioner and the Secretary are jointly to determine the "period of the extension," the statute, in section 156(d)(2)(A)(ii) as discussed above, is clear that the length of the "regulatory review period," shall be determined by the Secretary. Section 156(d)(1) does not contradict that interpretation.

We conclude that the language of section 156(d)(2)(A) supra is unambiguous and uncontroverted. However, we will consider the legislative history of the Act, but only to determine whether a clear intent contrary to the plain meaning exists. "[E]ven when the plain meaning of the statutory language in question would resolve the issue before the court, the legislative history should usually be examined at least, 'to determine whether there is a *clearly expressed* legislative intention contrary to the statutory language.'" *Glaxo*, 894 F.2d at 395, 13 USPQ2d at 1630. The House Report expressly states that the duties of the Commissioner (PTO) and of the Secretary (FDA) are divided as follows:

The activities described in Title II of this bill [the Drug Price Competition and Patent Term Restoration Act] would be per-

formed by both the FDA and the PTO. *FDA would be responsible for determining the applicable regulatory review period* for a product used in setting the length of the patent extension. FDA would also monitor diligence in product testing which must be shown in order for a manufacturer to receive the maximum possible patent extension. . . . *PTO would be responsible for handling patent extension eligibility.*

H.R.Rep. No. 98–857, Part II, 98th Cong., 2d Sess. 33 (1984), *reprinted in* 1984 U.S.C.C.A.N. 2716–17 (emphasis added).

As noted by the district court, this passage was included in the House Report as a letter from the Director of the Congressional Budget Office and, as such, is not particularly authoritative. It is, however, a contemporaneous and clear confirmation of our reading of the statute. We also agree with the district court that Astra's citation to the House Report[1] does not point to a clearly expressed intention contrary to the statute's plain meaning.

The district court stated, "It is apparent that Congress has not generated the anomalous structure Astra attributes to it. Rather, it has fashioned a meticulous statute that governs the coordinated decision making of two federal agencies." This squarely reflects our view.

Because the Secretary alone, and not the Commissioner, is directed by statute to determine the regulatory review period, we need not reach the issue of whether the Commissioner erred in limiting the extension of the term or the statutory interpretation of "initially submitted" as proffered by Astra.

*AFFIRMED*

---

1.  The Commissioner would make the final determination that a patent is eligible for extension under § 156(a), that the requirements of § 156(d) have been met, and that the period of the extension will be the period prescribed in § 156(d). Once these findings are made, the

Commissioner would be required to issue a certificate of extension to the applicant.
H.R.Rep. No. 98–857, Part I, 98th Cong., 2d Sess. 42 (1984), *reprinted in* 1984 U.S.C.C.A.N. 2647, 2675.