Perry W. GUINN, Gary N. Mills, Robert A. Bedient and Martin O. Greeley, Appellants,

v.

Henry B. KOPF, Appellee.

No. 96–1098.

United States Court of Appeals, Federal Circuit.

Sept. 26, 1996.

Rehearing Denied; Suggestion for Rehearing In Banc Declined Nov. 12, 1996.

Edward S. Irons, Edward S. Irons, P.C., Washington, D.C., argued, for appellants.

Steven Hultquist, Intellectual Property/Technology Law, Research Triangle Park, NC, argued, for appellee.

Linda Moncys Isacson, Associate Solicitor, U.S. Patent and Trademark Office, Arlington, VA, argued, for amicus curiae Commissioner of Patents and Trademarks. With her on the brief were Nancy J. Linck, Solicitor, and Albin F. Drost, Deputy Solicitor.

Before RICH, NEWMAN, and BRYSON, Circuit Judges.

RICH, Circuit Judge.

Perry W. Guinn, Gary N. Mills, Robert A. Bedient, and Martin O. Greeley (collectively Guinn) appeal the judgment of the Board of Patent Appeals and Interferences (Board) mailed on November 29, 1994 in Patent Interference No. 103,096, wherein the sole count in issue in the interference was awarded to appellee Kopf, and the Board held that Kopf was entitled to a patent containing claims 19–31 in application Serial No. 07/442,-

240, and a patent containing claims 20–38 in application Serial No. 07/207,655, with the proviso that Kopf avoid a double patenting rejection upon resumption of prosecution upon termination of the interference.[1] We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) (1994) and 35 U.S.C. § 141 (1994) to review this appeal from the final decision of the Board. We affirm.

## Background

On September 29, 1994, Interference No. 103,096 was redeclared by the United States Patent and Trademark Office (PTO) between United States Patent No. 4,889,812 ('812 patent) issued to Guinn and two patent applications of Kopf with Serial Nos. 07/442,240 ('240 patent application) and 07/207,655 ('655 patent application). The redeclared interference contained a single count corresponding to claim 9 of the '812 patent, claims 19–31 of the '240 patent application, and claims 20–38 of the '655 patent application.

On October 13, 1994, Guinn attempted to terminate the interference by filing a statutory disclaimer under 35 U.S.C. § 253 of claim 9, the only claim of the '812 patent corresponding to the single count of the interference, and a concurrent motion pursuant to 37 C.F.R. § 1.635 to dismiss the interference for lack of jurisdiction. Guinn asserted that as a result of the disclaimer of claim 9, no claim which corresponded to the single count of the interference remained in the '812 patent so that no controversy existed between the parties. Therefore, Guinn reasoned that the Board had no jurisdiction to enter a judgment and should have dismissed the interference. To this end, Guinn specifically stated in the statutory disclaimer that: "This disclaimer is not a request for entry of an adverse judgment under 37 C.F.R. § 1.662."

In response to the motion to dismiss filed by Guinn, on November 1, 1994 the Board issued an order to show cause why judgment should not be entered against Guinn as a result of the statutory disclaimer. The Board stated that even though Guinn specifically asserted in his statutory disclaimer that it was not a request for entry of an adverse judgment, "[p]ursuant to 37 CFR 1.662(c), the statutory disclaimer will be treated as a request for entry of an adverse judgment against Guinn et al."

Guinn filed a response to the order to show cause reasserting the argument that 37 C.F.R. § 1.662(c) was invalid as a matter of law because the Board lacked jurisdiction to enter judgment against Guinn because Guinn was no longer "claiming the same patentable invention" as required by 35 U.S.C. § 135(a) with the advent of the disclaimer of claim 9 of the '812 patent. On November 14, 1994, Kopf filed a response to Guinn's response to the order to show cause asserting that the Commissioner had the authority under the broad jurisdiction over patent matters granted to him by Congress in 35 U.S.C. § 6 to promulgate 37 C.F.R. § 1.662(c). Kopf argued that by disclaiming under 35 U.S.C. § 253 the only claim involved in the interference, Guinn conceded that the invention was unpatentable to him and that adverse judgment was appropriate as called for by 37 C.F.R. § 1.662(c).

The Board issued its final decision on November 29, 1994 entering a judgment as to the sole count in issue in the interference to appellee Kopf, and awarding a patent containing claims 19–31 of the '240 patent application to Kopf, and a patent containing claims 20–38 of the '655 patent application to Kopf, with the proviso that Kopf avoid the double patenting rejection upon resumption of prosecution upon termination of the interference.

On December 9, 1994, Guinn filed a petition pursuant to 37 C.F.R. § 1.644(a)(1) and (2) requesting that the judgment of the Board be vacated, that 37 C.F.R. § 1.662(c) be declared invalid and void because it is "inconsistent with law" and exceeds the power vested in the Commissioner under 35 U.S.C. §§ 6 and 7, and that the judgment be vacated because at the time it was entered, no actual controversy existed between the

---

1. Guinn also seeks to appeal the denial of a petition to the Commissioner pursuant to 37 C.F.R. § 1.644(a)(1) and (2). We need not determine whether we have jurisdiction over an appeal from the denial of such a petition because the same issues were presented to and decided by the Board.

parties and the Board had no jurisdiction. Kopf responded by arguing again that the Commissioner properly promulgated 37 C.F.R. § 1.662(c) under 35 U.S.C. §§ 6 and 7 providing the Board with valid jurisdiction to enter adverse judgment against Guinn in the interference. On January 23, 1995 the Board denied the petition ruling that 37 C.F.R. § 1.662(c) is not inconsistent with 35 U.S.C. § 253 and was within the scope of the Commissioner's authority to establish regulations for the conduct of proceedings within the PTO under 35 U.S.C. § 6.

## Discussion

The single issue we must decide is whether the Commissioner properly promulgated 37 C.F.R. § 1.662(c) (Rule 1.662(c)) under the authority granted by Congress under 35 U.S.C. § 6. Rule 1.662(c) provides:

The filing of a statutory disclaimer under 35 U.S.C. 253 by a patentee will delete any statutorily disclaimed claims from being involved in the interference. *A statutory disclaimer will not be treated as a request for entry of an adverse judgment against the patentee unless it results in the deletion of all patent claims corresponding to a count.*

37 C.F.R. § 1.662(c) (1995) (emphasis added).

Appellant offers two attacks on the validity of Rule 1.662(c) as it concerns an entry of adverse judgment against a patentee who disclaims all claims corresponding to a count in an interference. First, Guinn asserts that the judgment entered by the Board against him pursuant to Rule 1.662(c) is void because Guinn's statutory disclaimer of the only claim involved in the interference count extinguished any subject matter jurisdiction of the Board under 35 U.S.C. § 135, and is thus a rule promulgated by the Commissioner that is inconsistent with law in contradiction to his authority under 35 U.S.C. § 6. Second, Guinn argues that Rule 1.662(c) is inconsistent with the law regarding statutory disclaimers, 35 U.S.C. § 253, because Rule 1.662(c) imposes a limitation on a patentee's right to disclaim that is not provided in 35 U.S.C. § 253. Both of these attacks on the validity of Rule 1.662(c) involve statutory interpretation only. Therefore, they are questions of law which

we review de novo. *Astra v. Lehman,* 71 F.3d 1578, 1580, 37 USPQ2d 1212, 1214 (Fed. Cir.1995).

## I. The Board's Subject Matter Jurisdiction

■ Congress has provided that the Commissioner "may ... establish regulations, not inconsistent with law, for the conduct of proceedings in the Patent and Trademark Office." 35 U.S.C. § 6(a) (1994). Congress has also provided that:

Whenever an application is made for a patent which, in the opinion of the Commissioner, would interfere with any pending application, or with any unexpired patent, an interference may be declared and the Commissioner shall give notice of such declaration to the applicants, or applicant and patentee, as the case may be. The Board of Patent Appeals and Interferences shall determine questions of priority of the inventions and may determine questions of patentability.

35 U.S.C. § 135(a) (1994).

Pursuant to 35 U.S.C. § 135, Interference 103,096 was redeclared. Appellant does not assert that such declaration was erroneous. Appellant asserts that because he availed himself of 35 U.S.C. § 253 to disclaim the only claim of his patent corresponding to the interference count, the interference should have been dismissed with no adverse judgment against him because the Board had no jurisdiction over the interference as defined by 35 U.S.C. § 135 to enter such an adverse judgment.

The language of the statute itself militates against the interpretation that disclaiming all claims relating to a single count in an interference divests the Board of jurisdiction over an interference. Section 135 provides the basis for the Commissioner to declare an interference. Guinn does not dispute that Interference 103,096 was properly declared by the Commissioner. Section 135 also states that the Board "shall determine questions of priority" after the declaration of an interference. Guinn asserts that his unilateral act of disclaiming claim 9 from the '812 patent can divest the Board of its responsibility to determine the priority question in the

interference. The statute does not provide for any such divestment of jurisdiction.

We have previously stated that priority issues that have been fully developed before the Board should be resolved by the Board.

> The Board, by resolving both priority and patentability when these questions are fully presented, settles not only the rights between the parties but also rights of concern to the public. The public interest in the benefits of a patent system is best met by procedures that resolve administratively questions affecting patent validity that arise before the PTO. To do otherwise is contrary to the PTO's mission to grant presumptively valid patents, 35 U.S.C. § 285, and thus disserves the public interest.

*Perkins v. Kwon,* 886 F.2d 325, 328–29, 12 USPQ2d 1308, 1311 (Fed.Cir.1989).

We hold that the Board had the authority and the responsibility pursuant to 35 U.S.C. § 135(a) to resolve the interference and render judgment against Guinn as a result of his disclaimer of claim 9 of the '812 patent.

II. *Authority of the Commissioner under 35 U.S.C. § 6*

■ The second issue before us in the determination of whether Rule 1.662(c) is valid is whether the rule as promulgated by the Commissioner places a qualification that is not within the purview of 35 U.S.C. § 253 on the right of a patentee to statutorily disclaim subject matter. If such an unauthorized qualification is imposed by Rule 1.662(c), it is inconsistent with law and outside the authority granted to the Commissioner under 35 U.S.C. § 6.

To aid in the disposition of interferences, the Commissioner, pursuant to 35 U.S.C. § 6(a), promulgated 37 C.F.R. § 1.662(c). The right of a patentee to statutorily disclaim a claim or claims is provided in 35 U.S.C. § 253, which states that:

> A patentee, whether of the whole or any sectional interest therein, may, on payment of the fee required by law, make disclaimer of any complete claim, stating therein the extent of his interest in such patent.

35 U.S.C. § 253 (1994).

■ A statutory disclaimer under 35 U.S.C. § 253 has the effect of canceling the claims from the patent and the patent is viewed as though the disclaimed claims had never existed in the patent. *See Altoona Publix Theatres, Inc. v. American Tri–Ergon Corp.,* 294 U.S. 477, 492, 55 S.Ct. 455, 461, 79 L.Ed. 1005 (1935) ("Upon the filing of the disclaimers, the original claims were withdrawn from the protection of the patent laws, and the public was entitled to manufacture and use the device originally claimed as freely as though it had been abandoned."). Therefore, by filing a statutory disclaimer, Guinn relinquished any right to exclude others from the subject matter of claim 9.

Rule 1.662(c) as promulgated by the Commissioner simply allows the Board to dispose of an interference as to the patentee who disclaims all claims involved in an interference. Rule 1.662(c) clearly calls for entry of judgment only *against the patentee* who disclaimed the involved claims, and through his own admission is not entitled to the disclaimed claim, and nothing more. Rule 1.662(c) does not address the question of the patentability of a claim or claims corresponding to a count to the party or parties of the interference who have not so disclaimed all of the involved claims. Therefore, the entry of a judgment against Guinn in the interference is proper and consistent with his right to disclaim under 35 U.S.C. § 253. The patentability of Kopf's claims corresponding to the count is beyond the scope of this appeal. We hold that rule 1.662(c) as promulgated by the Commissioner under 35 U.S.C. § 6(a) is valid.

### Conclusion

We affirm the Board's judgment of November 29, 1994 in Patent Interference No. 103,096, against Guinn.

*AFFIRMED.*