**In re Derek Anthony COSTELLO and Robert McClean.**

**Appeal No. 83–567.**

United States Court of Appeals, Federal Circuit.

Sept. 20, 1983.

---

Richard L. Schwaab, Alexandria, Va., argued for appellant.

Gerald H. Bjorge, Washington, D.C., argued for appellee. With him on brief were Joseph F. Nakamura, Sol. and Fred E. McKelvey, Associate Sol., Washington, D.C.

Before MILLER, Circuit Judge, SKELTON, Senior Circuit Judge, and SMITH, Circuit Judge.

EDWARD S. SMITH, Circuit Judge.

This is an appeal from the December 5, 1979, decision of the U.S. Patent and Trademark Office (PTO) Board of Appeals (board) sustaining two rejections under section 103 of claims 1, 4–10, 12, 13, and 17–20 of application serial No. 488,900, filed July 22, 1974. The invention relates to "foam-skin" communication cable insulation. The principal reference relied on is Cereijo, U.S. patent No. 3,914,357, filed January 4, 1973. We affirm the rejections.

## I.

On April 12, 1971, appellants filed application serial No. 132,968 for "Communication Cable Having Dual Insulated Conductors" (the original application). Appellants failed to respond to an office action and the original application was abandoned on October 19, 1972. No attempt has been made to revive the original application.

Shortly thereafter, during the period December 5–7, 1972, three of appellants' co-workers at Northern Telecom Ltd. (Northern) presented a paper on foam-skin telephone cable insulation at the 21st International Wire and Cable Symposium in Atlantic City, New Jersey.[1] The authors of that paper filed with the PTO a declaration under 37 C.F.R. § 1.132[2] on June 20, 1978, stating that the subject matter of that publication is believed to be the invention of appellants and was disclosed to the authors by appellants while all were employed at Northern.

On January 4, 1973, Cereijo, et al., filed application serial No. 321,082 for "Method of Monitoring the Application of Cellular Plastic Insulation to Elongated Conductive Material." That application issued October 21, 1975, as Cereijo, U.S. patent No. 3,914,-357, the principal reference. Appellants filed application serial No. 488,900 (the second application), which was accorded an effective filing date of March 9, 1973, pur-

---

1. E. Gouldson, M. Farago, G. Baxter, *Foam-Skin, A Composite Expanded Insulation for Use in Telephone Cables,* 21 Proc. Int'l Wire & Cable Symposium (1972).

2. 37 C.F.R. § 1.132 (1982) provides in pertinent part:
   "§ 1.132  Affidavits or declarations traversing grounds of rejection.

"When any claim of an application is rejected on reference to a domestic patent which substantially shows or describes but does not claim the invention, * * * affidavits or declarations traversing these references or objections may be received."

suant to section 120.[3] The second application is substantially similar to the original application. The second application, however, was not co-pending with the original application nor does it reference the original application.[4]

Cereijo discloses but does not claim the invention that is the subject matter of the second application. Claims 1, 4–10, 12, 13, and 17–20 of the second application were rejected under 35 U.S.C. § 103 in view of Cereijo, or Cereijo taken with Moody.[5]

Because the requirements of section 120 had not been satisfied, the board refused to recognize the filing of the original application as a constructive reduction to practice of the invention. The remainder of the evidence[6] was found insufficient to establish invention by appellants prior to the effective date of Cereijo. The board noted that, even if the original application was considered to establish conception of the invention, appellants failed to prove diligence.

## II.

This appeal presents the question whether appellants are entitled to rely on an application, abandoned prior to the effective date of a reference, as a constructive reduction to practice to overcome that reference, where appellants later filed a substantially identical application which is not entitled under section 120 to the date of the abandoned application.

Appellants contend that the totality of the evidence establishes prior invention by them. Having eliminated Gouldson, which has an effective date prior to that of Cereijo, appellants allege that they have, *ipso facto,* antedated Cereijo as well. Appellants allege that the relevant disclosure of Cereijo is actually their own invention. Finally, appellants argue that, without exception, the mere act of filing a patent application has long been considered a constructive reduction to practice.

The Solicitor contends that while the original application established prior conception of the invention, it did not operate as a constructive reduction to practice. Further, diligence has not been shown. Relying on public policy arguments based on section 120, the Solicitor asserts that appellants should derive no benefit from their abandoned application.

## III.

In section 120, Congress set forth two requirements that an applicant must satisfy in order for a later filed application to be accorded the same effect as if it were filed on the same date as an earlier application by the same inventor disclosing the same invention. Those conditions are (1) copendency of the applications, and (2) reference in the later filed to the earlier filed application.

Even if an applicant is unable to secure an effective filing date previous to the effective date of a prior art reference under section 120, the applicant may overcome a reference by evidence of prior invention. A prior art reference that is not a

---

**3.** 35 U.S.C. § 120 (1976) provides in pertinent part:

"§ 120. Benefit of earlier filing date in the United States

"An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States, * * * by the same inventor shall have the same effect, as to such invention, as though filed on the date of the prior application, *if filed before* the patenting or *abandonment of* or termination of proceedings on *the first application* * * * *and if it contains* or is amended to contain *a specific reference to the earlier filed application.*" (Emphasis supplied.)

Application serial No. 339,631 was filed March 9, 1973. The second application, serial No. 488,900, filed July 22, 1974, was a continuation of that application.

**4.** Thus, the second application cannot be given the same effect as the original application under section 120.

**5.** Moody, U.S. patent No. 3,733,225, issued May 15, 1973.

**6.** Appellants submitted several technical papers that reference Gouldson and submitted several Rule 132 declarations.

statutory bar may be overcome by two generally recognized methods. "The most common way to 'antedate' a reference is to submit an affidavit satisfying the requirements of Rule 131." [7] (Footnotes omitted.) Rule 131, however, is only one way of overcoming a reference that is not a statutory bar. An applicant may also overcome a reference by showing that the relevant disclosure is a description of the applicant's own work.[8] The pertinent inquiry is under 35 U.S.C. § 102(e).[9] Appellants can overcome a reference by showing that they were in possession of their invention prior to the effective date of the reference. "The real issue is whether *all* the evidence, including the references, truly shows knowledge by another *prior to the time appellants made their invention* or whether it shows the contrary." [10] (Emphasis in original.)

Rule 131 governs whether an applicant has proved a date of invention "before" the effective date of the reference.[11] Appellants urge this court to find prior invention on the basis of evidence that does not satis-fy either the substantive requirements of Rule 131 or the standard of proof required to eliminate the reference. We decline to do so for the reasons set forth below.

The effective date of Cereijo is January 4, 1973, prior to the effective filing date of the second application (March 9, 1973). Therefore, Cereijo is properly cited as prior art under section 102(e). In order to overcome Cereijo appellants must either (1) comply with the substantive requirements of Rule 131, or (2) establish that the relevant disclosure is of their own work.

### A.

Rule 131 requires proof of either "reduction to practice prior to the effective date of the reference, or conception of the invention prior to the effective date of the reference coupled with due diligence from said date to a subsequent reduction to practice or to the filing of the application." [12]

Appellants actually reduced the invention to practice in Canada. The invention has

---

7. *In re Facius,* 56 Cust. & Pat.App. 1348, 408 F.2d 1396, 1404, 161 USPQ 294, 300 (1969). *See also In re Rainer,* 55 Cust. & Pat.App. 853, 390 F.2d 771, 773–74, 156 USPQ 334, 336–37 (1968) (anticipatory disclosure, not a statutory bar, may be removed by Rule 131 affidavit; proof need not be of prior reduction to practice of every embodiment, but mere prior conception will not suffice).

37 C.F.R. § 1.131 provides in pertinent part:
"AFFIDAVITS OVERCOMING REJECTIONS
"§ 1.131 Affidavit or declaration or prior invention to overcome cited patent or publication.
"(a) When any claim of an application is rejected on reference to a domestic patent which substantially shows or describes but does not claim the rejected invention, * * * and the applicant shall make oath or declaration as to facts showing a completion of the invention in this country before the filing date of the application on which the domestic patent issued, * * * then the patent * * * cited shall not bar the grant of a patent to the applicant, unless the date of such patent or printed publication be more than one year prior to the date on which the application was filed in this country.
"(b) The *showing of facts shall be such,* in character and weight, *as to establish reduction to practice prior to the effective date of the reference, or conception* of the invention prior to the effective date of the reference *coupled*

*with due diligence* from said date to a subsequent reduction to practice or to the filing of the application. * * *" (Emphasis supplied.)

8. *In re Land,* 54 Cust. & Pat.App. 806, 368 F.2d 866, 151 USPQ 621 (1966). *See also In re Mathews,* 56 Cust. & Pat.App. 1033, 408 F.2d 1393, 161 USPQ 276 (1969); *Facius,* 56 Cust. & Pat.App. 1348, 408 F.2d 1396, 161 USPQ 294; Chisum, *Patents* § 3.08[2] (1982).

9. 35 U.S.C. § 102(e) provides:
"§ 102. Conditions for patentability; novelty and loss of right to patent
"A person shall be entitled to a patent unless—

\*　　\*　　\*　　\*　　\*　　\*

"(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, * * *[.]"

10. *Land,* 368 F.2d at 878, 151 USPQ at 632.

11. *Id.; see also In re Frilette,* 56 Cust. & Pat. App. 1262, 412 F.2d 269, 274–75, 162 USPQ 163, 168 (1969) (absent proof of derivation, ordinarily a reference can be overcome only by showing prior completion of the invention under Rule 131).

12. 37 C.F.R. § 1.131(b).

never been actually reduced to practice in the United States.

■ Appellants' principal contention is that the filing of the later abandoned original application constitutes a constructive reduction to practice of the invention. Appellants cite no authority, nor can they, to support their argument. It has long been settled, and we continue to approve the rule, that an abandoned application, with which no subsequent application was copending, cannot be considered a constructive reduction to practice. It is inoperative for any purpose, save as evidence of conception.[13]

■ While the filing of the original application theoretically constituted a constructive reduction to practice at the time, the subsequent abandonment of that application also resulted in an abandonment of the benefit of that filing as a constructive reduction to practice. The filing of the original application is, however, evidence of conception of the invention. Appellants were able to reduce the invention to writing. That writing therefore constitutes documentary evidence that appellants had conceived of the invention as of the filing date.[14] As the board found, however, appellants did not establish diligence in reducing the invention to practice. Appellants do not contest that finding. Thus, the evidence is not sufficient to antedate Cereijo under Rule 131.

**B.**

Appellants submitted an affidavit under Rule 132 to establish that Gouldson discloses appellants' own invention. Appellants argue that, having "antedated" Gouldson which has an effective date prior to that of Cereijo, appellants have *ipso facto* antedated Cereijo. Appellants' proof that Gouldson discloses appellants' own work does not enable appellants to step into Gouldson's shoes with respect to the date of publication of the Gouldson article as the date of invention. Only Gouldson is eliminated as a reference by the showing that Gouldson describes appellants' invention. Appellants did not antedate Gouldson. Appellants' evidence, at best, establishes conception and communication of the invention to Gouldson, *et al.*, prior to the date of publication. This has no relation at all to appellants' attempt to antedate the principal reference, Cereijo.

**C.**

Finally, appellants argue that two Bell Laboratories articles that reference Gouldson, and the fact that Cereijo discloses the invention as prior art rather than as part of his invention, establish prior invention by appellants. Appellants have submitted no affidavit or declaration to establish that the relevant disclosure of Cereijo is of appellants' invention.

It is not sufficient that the relevant disclosure is recognized as prior art. In order

**13.** *Carty v. Kellogg,* 7 App.D.C. 542, 1896 C.D. 188 (1896). *Carty* involved a fact situation almost identical to the present case. Carty filed an original application April 20, 1885, which was abandoned October 21, 1887. Kellogg filed an application July 30, 1887. Subsequently, on November 17, 1887, Carty filed a second application. An interference was generated and Carty tried to rely on the abandoned application as a constructive reduction to practice in order to establish priority. The Court of Appeals for the District of Columbia stated:

"Failing in proof of actual reduction, Carty is forced to rely upon constructive reduction to practice, and, in order to antedate Kellogg, he claims it by virtue of his abandoned application of 1885. It seems to be a reasonable and well-established principle, conformed to in the practice of the Patent Office, that an abandoned

application cannot be so considered. (*Hien v. Pung,* C.D., 1894, 92; 68 O.G., 657.) Having lapsed, it becomes inoperative for any purpose, save as evidence of the date of conception, and to that extent it has already been considered and its weight admitted." 1896 C.D. at 191.

**14.** Thus, reviewed as documentary evidence, the original application is not accorded the "same effect" as if the requirements of § 120 had been satisfied. The filing is not relied on as a legally operative reduction to practice, but rather, as evidence. As noted *supra,* § 120 governs the receipt of the same benefit as if the second application were filed on the date of the filing of the original application. Thus, no perturbation of § 120 results from consideration of the filing of the original application merely as evidence of conception of the invention.

to sustain their claim, appellants must adduce evidence that *appellants* invented the relevant items in the disclosure.[15] Appellants have not done so.

## IV.

In summary, in order to overcome a prior art reference under section 102(e) appellants must either satisfy the substantive requirements of Rule 131 or establish that the relevant disclosure describes their own invention. In establishing prior invention to overcome the Cereijo reference, appellants cannot rely on their earlier filed abandoned application as a constructive reduction to practice of the invention. The evidence presented by appellants is not sufficient to establish invention prior to the effective date of the reference under Rule 131. Similarly unavailing is appellants' attempt to establish that the relevant disclosure of Cereijo describes appellants' own work. Thus, appellants have not established on this record that they invented the subject matter of the invention prior to the effective date of the reference. The rejections under 35 U.S.C. § 103 in view of Cereijo are, therefore, proper.

AFFIRMED.

---

15. *See Facius,* 408 F.2d at 1407, 161 USPQ at 302.