865 F.2d 268
 10 ITRD 2568
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
DENNISON MANUFACTURING COMPANY, Appellant,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee,
Ben Clements & Sons, Inc., Dai Won Chemical's, Monarch
Marking Systems, Inc., K & K Associated Company's Kwik
Ticket, Inc., A Meyers & Sons Corp., Jon Barry Company's,
Central Notion Co., Inc., and Amram Attachments, Inc., Intervenors.
 No. 88-1250.
 United States Court of Appeals, Federal Circuit.
 Dec. 8, 1988.
Rehearing Denied April 4, 1989.
Suggestion for Rehearing In Banc Declined April 17, 1989.
 
 Before, FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 
 1
 Dennison Manufacturing Company appeals from the order of the United States International Trade Commission terminating its investigation in Certain Plastic Fasteners and Processes for the Manufacture Thereof, Investigation No. 337 TA 248, with a finding of no violation of section 337 of the Tariff Act of 1930, 19 U.S.C. Sec. 1337 (1982). We affirm the Commission's determination as to invalidity for anticipation under 35 U.S.C. Sec. 102, and vacate the remaining determinations.
 
 OPINION
 
 2
 The investigation resulted from a complaint filed by Dennison alleging unfair practices in the importation of certain plastic fasteners manufactured by a process which, if practiced in the United States, would infringe claims 1 through 4 and 8 through 12 of U.S. Patent No. 4,183,894 ('894).[1] This group was later reduced to claims 1, 2, 6 and 9 through 12. Initial Determination, Findings of Fact at 3. The Administrative Law Judge (ALJ) issued an Initial Decision (ID) holding the '894 patent invalid on several grounds, including inter alia failure to disclose best mode under 35 U.S.C. Sec. 112, lack of an enabling disclosure under that same section, obviousness under 35 U.S.C. Sec. 103, and anticipation under 35 U.S.C. Sec. 102. On review, the Commission affirmed the ALJ's decision with certain modifications.
 
 
 3
 The Commission determined that claims 1, 2, 6 and 9-12[2] of the '894 patent were anticipated by two prior art references: Japanese published patent application 51-84865 (Sumimoto II) and Japanese published patent application 47-37399 (Sumimoto I). Dennison has not argued here that these references, if prior art, do not anticipate the '894 patent. Instead, Dennison challenges the status of Sumimoto II as prior art. The filing date for the '894 patent is July 18, 1977. The effective date of Sumimoto II is July 24, 1976. In order to predate Sumimoto II, Dennison argued below, and argues here, that the '894 patent was effectively reduced to practice in May of 1975.
 
 
 4
 A patentee may show that a claimed invention was made at a date earlier than the filing date of the patent application by showing an actual reduction to practice prior to the filing date. Hybritech, Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1376, 231 USPQ 81, 87 (Fed.Cir.1986) cert. denied, 107 S.Ct. 1606 (1987). "Actual reduction to practice requires that the claimed invention work for its intended purpose." Id. This is a legal conclusion. Id. Proof of actual reduction to practice requires evidence corroborating the testimony of the inventor. Ralston-Purina Co. v. Far-Mar-Co, Inc., 586 F.Supp. 1176, 222 USPQ 863 (D.Kan.1984), aff'd in part, rev'd in part, 772 F.2d 1570, 227 USPQ 177 (Fed.Cir.1985). A rule of reason approach is applied to corroboration. Coleman v. Dines, 754 F.2d 353, 359-60, 224 USPQ 857, 862 (Fed.Cir.1985). However, the rule of reason cannot be used in a manner which would obviate the need to provide corroborating evidence. Id.
 
 
 5
 The only evidence provided to corroborate the inventor's claim of reduction to practice was the testimony of other company officials who had seen the product but not the process itself. While Dennison accurately points out that corroborative testimony need not include an actual witness to the process in operation, Berges v. Gottstein, 618 F.2d 771, 774, 205 USPQ 691, 695 (CCPA 1980), it overlooks the fact that there was no other corroborative evidence. The inventor's laboratory notebooks were not produced because they were purportedly destroyed in a fire. Dennison's reliance on the abandoned patent application No. 587,768 as corroboration of actual reduction to practice is also misplaced because an abandoned application cannot serve that purpose. Cf. In re Costello, 717 F.2d 1346, 219 USPQ 389 (Fed.Cir.1983). Both the ALJ and the Commission correctly concluded that one intended purpose of the '894 patent was, as the patent itself states, "to shorten the cycle time, and hence increase the production rate, for the manufacture of stretched fasteners." The conclusion that Dennison failed to provide sufficient corroborative evidence of the achievement of this intended purpose is fully supported by the record.
 
 
 6
 The Commission did not err in holding that Dennison failed to corroborate the inventor's assertions of reduction to practice earlier than 1977. Sumimoto II is therefore prior art.
 
 
 7
 The decision of the Commission that the '894 patent is invalid for anticipation is supported by substantial evidence and is therefore affirmed. We need not consider the Commission's other grounds for finding the '894 patent invalid, and therefore vacate these determinations.
 
 
 8
 MAYER, Circuit Judge, concurs in the judgment.
 
 
 
 [1]
 Three other patents were raised in the original complaint--U.S. Patent Nos. 4,416,838; 4,304,743; and 4,429,437. However, the '894 patent is the only one raised in this appeal
 
 
 [2]
 The Commission's decision appears to contain a typographical error at page 32 where it states "we hereby revise the ID to include factual and legal determinations that claims 2, 6 and 9-11 are anticipated by the '865 and '399 applications and that claims 10, 11, and 12 would have been obvious in view of the '865 and '399 applications, if not anticipated. " (Emphasis added). At page 33, the opinion discusses claim 12 in the anticipation analysis, and confirms our suspicion further where it states that "[e]ven if claims 10, 11, and 12 might not be invalid for anticipation, they would be invalid for obviousness." (Emphasis added). We, therefore, assume that the Commission, referring to claims 10, 11 and 12 as obvious if not anticipated, meant to revise the ID as to claim 12 as well