**REXAM INDUSTRIES CORP.,**
Plaintiff–Appellant,

v.

**EASTMAN KODAK COMPANY**
Defendant–Appellee

and

**Avery Dennison Corporation,**
Defendant–Appellee.

No. 98–1279.

United States Court of Appeals,
Federal Circuit.

July 16, 1999.

William M. Atkinson, The Bell Seltzer Intellectual Property Law Group of Alston & Bird LLP, of Charlotte, North Carolina, argued for plaintiff-appellant. With him on the brief were Charles B. Park, III, and John J. Barnhardt, III.

Richard D. Rochford, Jr., Nixon, Hargrave, Devans, & Doyle LLP, of Rochester, New York, argued for defendant-appellee, Eastman Kodak Company. Of counsel on the brief was Michael L. Goldman.

Roderick G. Dorman, O'Melveny & Meyers LLP, of Los Angeles, California, argued for defendant-appellee, Avery Dennison Corporation. With him on the brief was Mark C. Scarsi. Of counsel on the brief was John D. Carpenter, Christie, Parker & Hale LLP, of Pasadena, California.

Before RICH,* NEWMAN, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

This case comes to us on certification of two questions by the United States District Court for the Western District of North Carolina, Civil Action No. 95–CV–62, in an interference case. The district court certified the following questions for appeal:

1. Can a patent applicant that prevails in an interference before the Board of Patent Appeals and Interferences based only on the constructive reduction to practice represented by its patent application, continue to contest priority in a succeeding civil action under 35 U.S.C. § 146, notwithstanding the patent applicant's acquiescence, during pendency of that Section 146 action, in entry of final judgment against it on priority grounds in another interference involving the same inventions but a different adversary?

2. If the answer to the above question is in the negative, must the Board's decision awarding priority to the patent applicant and against a patentee be reversed, with judgment entered in favor of the patentee regarding priority?

We answer the first certified question in the affirmative for the reasons given hereinbelow. Consequently, we do not reach the second certified question.

## BACKGROUND

Two interference proceedings, both involving an identical interference count, are relevant to this appeal.[1] The first is Interference No. 102,667 (the '667 interference), declared by the U.S. Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences in 1991 between the claims of a U.S. patent assigned to Rexam Industries Corp. and certain claims of a U.S. patent application assigned to Eastman Kodak Co. The second is Interference No. 103,738 (the '738 interference), declared by the Board in 1996 between the same claims of Kodak's application and certain claims of an application assigned to Avery Dennison Corp. These interferences, and the challenge to the '667 interference brought by Rexam following the Board's final judgment in that case, are discussed below.

### The '667 Interference

The '667 interference count involved all of the claims of Rexam's U.S. Patent 4,931,324 (the '324 patent) and claims 66–76 of Kodak's U.S. Patent Application 07/609,050 (the '050 application). Kodak

---

* Circuit Judge Rich heard oral argument in this case, but died on June 9, 1999. This case was decided by the remaining judges in accordance with Fed. Cir. Rule 47.11.

1. The interference count reads as follows:

A flexible decorative sheet material suitable for use in surfacing panels, such as automobile body panels, said sheet material being characterized by having the appearance of a glossy, base coat/clear coat automotive paint finish, and comprising a flexible outer layer having a smooth, glossy outer surface with a distinctiveness of image value of 65 percent or greater and formed of a flexible, optically clear weatherable polymer, and a pigmented coating adhered to the opposite surface of said outer layer and visible through the clear outer layer.

relied on its constructive reduction to practice date, in particular, the filing date of a parent application, to antedate Rexam's asserted date of invention. In 1994, the Board entered judgment deciding the priority issue in favor of Kodak, but did not decide the issues of validity and enforceability of Rexam's patent that Kodak had asserted. Rexam then challenged the Board's decision in the district court pursuant to 35 U.S.C. § 146 (1994). It is this section 146 proceeding, described further below, from which the certified questions that are the subject of this appeal arise.

*The '738 Interference*

After Avery and Kodak became aware that the Board would probably declare an interference between Avery's U.S. Patent Application No. 08/419,837 (the '837 application) and Kodak's '050 application, the parties executed an agreement in which, inter alia, they agreed that neither party would challenge the Board's priority decision if the Board did declare and adjudicate such an interference. In 1996 the Board declared the '738 interference between these applications. As in the '667 interference, the '738 interference again concerned claims 66–76 of the '050 application, and Kodak again based its priority argument on its constructive reduction to practice.

In 1997, the Board entered judgment deciding priority in favor of Avery. Pursuant to its agreement with Avery, Kodak allowed the Board's decision to become final. As a result, claims 66–76 of the '050

application became unpatentable to Kodak. However, Kodak did not expressly abandon that application.

*The Section 146 District Court Proceeding*

Rexam initiated suit against Kodak in the district court pursuant to 35 U.S.C. § 146 to challenge the Board's decision in the '667 interference.[2] Rexam and Kodak both reasserted the priority arguments they had made before the Board. Kodak also reasserted its arguments that the claims in Rexam's patent were invalid and/or unenforceable.

After the Board's decision in the '738 interference became final, Rexam moved for summary judgment in the section 146 proceeding.[3] Rexam argued that Kodak had abandoned its constructive reduction to practice by permitting the '738 interference decision to become final, and that Kodak's concession of priority to Avery should be treated as a request for entry of an adverse judgment against Kodak in the section 146 proceeding under 37 C.F.R. § 1.662(a).[4]

The district court denied Rexam's motion, concluding that Kodak's loss of priority in the '738 interference did not prohibit Kodak from defending its priority judgment against Rexam. However, the court certified the questions recited above for interlocutory appeal under 28 U.S.C. § 1292(b), whereupon Rexam petitioned this court for permission to appeal the questions. We granted the petition.

---

2. 35 U.S.C. § 146 (1994) states in relevant part that "[a]ny party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference, may have remedy by civil action ... unless he has appealed to the United States Court of Appeals for the Federal Circuit...."

3. Rexam also moved to join Avery. Avery agreed to be joined for the purposes of consolidating discovery for the section 146 action and a suit by Rexam against Avery in which Rexam alleged that Avery was infringing Rexam's '324 patent, and to insure that all invalidity challenges to Rexam's patent that relied upon Kodak's priority would be asserted.

4. The text of 37 C.F.R. § 1.662(a) (1998) states in relevant part:

A party may, at any time during an interference, request and agree to entry of an adverse judgment.... [A]bandonment of the contest as to a count will be treated as a request for entry of an adverse judgment against the applicant or patentee as to all claims which correspond to the count. Abandonment of an application ... will be treated as a request for entry of an adverse judgment against the applicant as to all claims corresponding to all counts. Upon the filing by a party of a request for entry of an adverse judgment, the Board may enter judgment against the party.

## DISCUSSION

In addition to arguing the merits of the certified questions, Rexam also argues that the section 146 action is moot as a result of Kodak's loss in the '738 interference. We address the certified questions first.

■ Rexam argues that because Kodak's '050 application cannot mature into a patent containing claims 66–76, Kodak should be precluded from continuing to assert its priority in the section 146 proceeding, and that the first certified question should therefore be answered in the negative. Kodak responds that our precedent refutes Rexam's argument. We agree with Kodak.

■ While no language in section 146 of the patent statute expressly addresses this issue, section 135(a) of the statute and our case law interpreting that provision provide substantial guidance for our analysis. The recently amended version of 35 U.S.C. § 135(a) provides that the Board "shall determine questions of priority of the inventions and may determine questions of patentability." 35 U.S.C. § 135(a) (1994).[5] We interpreted this new language broadly in Perkins v. Kwon, 886 F.2d 325, 12 USPQ2d 1308 (Fed.Cir.1989), where the Board had decided the issue of priority in favor of Kwon even though it also determined that the invention of the interference count was unpatentable to Kwon under 35 U.S.C. § 102(b)/103. Perkins appealed, arguing that once the Board decided that Kwon's claims were unpatentable, the Board should have dissolved the interference and left Perkins' claims standing as originally issued without further consideration of priority. See id. at 326, 886 F.2d 325, 12 USPQ2d at 1309–10. We affirmed the Board's action, stating that "decision by the Board of all issues that are fully and fairly raised during the interference proceeding, whether related to patentability or priority, is in full accord with congressional intent that PTO procedures be simplified as well as improved...." Id. at 328, 886 F.2d 325, 12 USPQ2d at 1310.

■ We have consistently applied the rationale of Perkins to conclude that priority issues that have been fully developed and presented to the Board for decision in interference proceedings should be decided by the Board even if a count is deemed unpatentable to one party. See Hyatt v. Boone, 146 F.3d 1348, 1356–57, 47 USPQ2d 1128, 1133–34 (Fed.Cir.1998) (holding that Board was required to decide priority issue even though applicant had requested conversion of his application to a statutory invention registration during interference); Wu v. Wang, 129 F.3d 1237, 1242, 44 USPQ2d 1641, 1645 (Fed.Cir. 1997) (holding that Board properly decided priority issue after holding Wang's claim corresponding to interference count unpatentable); Guinn v. Kopf, 96 F.3d 1419, 1422, 40 USPQ2d 1157, 1159 (Fed.Cir. 1996) (holding that Board properly decided priority in favor of Guinn despite Kopf's attempt to dissolve interference by disclaiming relevant claim under 37 C.F.R. § 1.662(c)).

The rationale of Perkins similarly applies in this case, where Kodak claims that it is entitled to defend its priority victory over Rexam even though it has lost priority to Avery. The policy behind the statute encouraging adjudication of all properly-raised issues accordingly entitles Kodak to defend its victory in the '738 interference. Public policy also favors award of the patent to the first inventor; thus, even though Kodak cannot obtain a patent for the contested subject matter because it is not the assignee of the first inventor, it should be

---

5. This language was incorporated into section 135(a) by the Patent Law Amendments Act of 1984, Pub.L. No. 98–622, §§ 201–207, 99 Stat. 3383, 3386–89, in which Congress combined the Board of Patent Appeals and Board of Interferences to form the Board of Patent Appeals and Interferences. Congress's intent in making this change was to simplify, speed, and reduce the cost of interference practice, and thereby better serve the public interest in the benefits of a fair and efficient patent system. See Perkins v. Kwon, 886 F.2d 325, 327–29, 12 USPQ2d 1308, 1310–11 (Fed.Cir. 1989).

entitled to attempt to show that Rexam, which similarly is not the assignee of the first inventor, is not entitled to retain its patent. The reasoning is that, if Kodak has been determined by the Board to have priority over Rexam, then Avery, which has similarly been determined to have priority over Kodak, must have priority over Rexam, and Rexam should not retain its patent.

The fact that the issue comes before a district court in a section 146 proceeding is of no moment, since such an action is derivative of the interference conducted in the PTO. Priority was at issue at the Board level; it can also be at the district court level. Issues properly raised at the Board are fair ground for litigation in the district court. The public interest in ensuring that only those patents that claim patentable subject matter are issued and maintained is best served when a district court considering review of a decision of the Board resolves all issues of priority and patentability that have been raised and fully developed. See Perkins, 886 F.2d at 328–29, 12 USPQ2d at 1311.

Rexam makes two specific arguments that it asserts require us to answer the first certified question in the negative. Rexam's first argument centers on Kodak's reliance before the Board on its date of constructive reduction to practice to prove priority in the '667 interference. Rexam asserts that because Kodak lost the priority issue to Avery in the '738 interference, Kodak no longer has a constructive reduction to practice upon which it can rely in the section 146 action. In making this argument, Rexam states that Kodak's failure to appeal the loss to Avery in the '738 interference is "tantamount to an abandonment" of the '050 application and cites In re Costello, 717 F.2d 1346, 1350, 219 USPQ 389, 391 (Fed.Cir.1983), for the proposition that an abandoned application "is inoperative for any purpose, save as evidence of conception." Rexam also argues that allowing Kodak's '050 application to preclude patentability of its claims would erroneously create a category of non-statutory prior art, namely, abandoned and non-allowable patent applications.

We reject both arguments. First of all, Costello is not pertinent. The issue in Costello concerned an applicant's attempt to traverse a rejection made pursuant to 35 U.S.C. § 103 by relying on the filing date of an earlier application that the applicant had abandoned with no corresponding application co-pending at the time of abandonment. See Costello, 717 F.2d at 1347–48, 219 USPQ at 390. Costello thus lost because of a lack of co-pendency; in that case, we stated that "we continue to approve the rule, that an abandoned application, with which no subsequent application was co-pending, cannot be considered a constructive reduction to practice." Id. at 1350, 717 F.2d 1346, 219 USPQ at 391. Rexam's reliance on Costello is therefore misplaced, because this is not a case of a lack of co-pendency where co-pendency is needed to retain entitlement to a filing date. Secondly, the issue is not whether Kodak abandoned its application. The issue is whether Kodak can defend its Board victory in the district court action brought by Rexam. We see no reason why it should not be able to, given the statutory policy of deciding all properly raised issues.

Rexam argues that, once Kodak lost the '738 interference to Avery, it no longer had a viable application with a constructive reduction to practice and consequently was not entitled to defend that application in the section 146 action. The answer to this assertion is that all Kodak needed in order to be entitled to defend its priority position in the section 146 proceeding was a judgment that Rexam challenged in a district court. Kodak may not have been entitled to a patent vis-à-vis Avery, as determined in the second interference, but it still was entitled to defend its priority over Rexam, as determined in the first interference. Kodak has an interest in defending its priority judgment in order to ensure that Rexam does not retain an invalid patent on the interfering subject matter.

We also disagree with Rexam's argument that permitting the district court to determine the priority issue despite the unpatentability of claims 66–76 in Kodak's '050 application creates a non-statutory class of prior art. The flaw in Rexam's logic is that Kodak's patent application is not a new class of prior art; it was a constructive reduction to practice when it was filed. It evidenced a prior invention, which deprives a later invention of patentability. *See* 35 U.S.C. § 102(g) (1994).[6]

Rexam also argues its position on the ground of mootness, asserting that Kodak's inability to obtain a patent covering the invention corresponding to claims 66–76 of Kodak's '050 application means that Kodak cannot benefit by the result of the section 146 action. It states that the litigation is moot and asks that we remand the case to the district court with instructions to vacate the Board's underlying judgment and remand the case to the Board for further proceedings. We do not agree.

Kodak won the interference at the Board level and it is entitled to defend itself in a suit that Rexam brought against it. Article III of the Constitution limits federal courts to hearing actual "cases or controversies," and a "mere" competitor is not entitled to challenge another's patent absent a threat sufficient to constitute a "case or controversy." Here, however, Kodak won a properly constituted interference and is now defending the Board's judgment against Rexam's challenge. Kodak is entitled to defend that judgment when challenged. The matter is therefore not moot. In addition, the Supreme Court noted in *Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. 83, 100, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993), "the importance to the public at large of resolving questions of patent validity." Inasmuch as Kodak's award of judgment of priority by the Board prevents Rexam from retaining

an invalid patent, Kodak's ability to defend its judgment reflects public policy. Thus, even though the patentability of Kodak's claims has been decided adversely to Kodak in a proceeding with a third party (Avery), Kodak is entitled to defend itself in the section 146 proceeding brought by Rexam.

Finally, Kodak is not the only defendant in this proceeding. Avery, which prevailed in its interference with Kodak, is also a defendant. And Avery has been sued by Rexam in the same district court for patent infringement under the patent that is at issue in this case. Clearly, this case is not moot.

We accordingly hold that Kodak may continue to defend its judgment against Rexam despite the fact that it lost and failed to appeal a judgment of priority in favor of Avery on the same subject matter in the '738 interference. We therefore answer the first certified question in the affirmative, and do not reach the second certified question.

## CONCLUSION

For the foregoing reasons, we answer the first certified question in this interlocutory appeal in the affirmative, and consequently do not reach the second certified question.

*FIRST CERTIFIED QUESTION ANSWERED IN THE AFFIRMATIVE, SECOND CERTIFIED QUESTION NOT REACHED.*

6. 35 U.S.C. § 102(g) provides in relevant part that a person shall be entitled to a patent unless "before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it."