FREEDOM WIRELESS,
INC., Plaintiff

v.

BOSTON COMMUNICATIONS
GROUP, INC., et al.,
Defendants.

No. CIV.A. 00–12234–EFH.

United States District Court,
D. Massachusetts.

May 5, 2005.

A. William Urquhart, Adrian M. Pruetz, Aimee DeSantis, Christopher Tayback, Diane C. Hutnyan, Erica P. Taggart, Johanna Y. Ong, John J. quinn, Marshall M. Searcy, III, Michael T. Zeller, Steven D. Anderson, William C. Price, Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA, Carolyn I. McGowan, Cheryl R. Brunetti, Douglas C. Doskocil, F. Dennis Saylor, IV, James Rehnquist, John K. Felter, Paul F. Ware, Goodwin Procter LLP, Boston, MA, Robert A. Pressman, Bramson & Pressman, Conshohocken, PA, for Freedom Wireless Inc, Plaintiff.

John Nilsson, Katherine M. Hamill, Michael B. Keating, Philip C. Swain, Stephen B. Deutsch, Stephen C. Warneck, Verne W. Vance, Jr., Vickie L. Henry, Foley Hoag LLP, Boston, MA, Kirk A. Damman, Lewis, Rice & Fingersh, LC, St. Louis, MO, Susan E. Stenger, Perkins, Smith & Cohen, LLP, Boston, MA, Todd E. Thompson, Howard Rice Nemerovski Canady Falk & Rabin, San Francisco, CA, for Boston Communications Group, Inc.

Adrienne L. Taclas, Christopher B. Hockett, Eric F. Pierson, J. David Hadden, James G. Snell, Mary T. Huser, Michael E. Woods, Patrick T. Weston, Bingham McCutchen LLP, East Palo Alto, CA, Denis R. Salmon, Gibson, Dunn & Crutcher LLP, Palo Alto, CA, Rebecca Hooley, Bingham McCutchen LLP, San Francisco, CA, Victor H. Polk, Jr., Bingham McCutchen LLP, Boston, MA, Lawrence G. Green, Perkins, Smith & Cohen, LLP, Boston, MA, Monique M. Drake, Gibson, Dunn & Crutcher LLP, Denver, CO, for AT&T Wireless PCS, CMT Partners.

Douglas J. Kline, Testa, Hurwitz & Thibeault, LLP, Boston, MA, Edward DiLello, Darby & Darby, New York, NY, Jason D. Frank, Bingham McCutchen, LLP, Boston, MA, Kevin L. Reiner, Laura Brutman, Darby & Darby, New York, NY, Paul R. Griffin, Thelen Rein & Priest LLP, San Francisco, CA, Jennifer L. Conrad, Testa, Hurwitz & Thibeault, LLP, Boston, MA, for Airtouch Communications, Inc.

Christopher R. Dillon, Mark Szpak, Ropes & Gray, LLP, Boston, MA, Edward Han, Mark D. Wegener, Martin F. Cunniff, Howrey & Simon, Washington, DC, Luke T. Cadigan, U.S. S.E.C., Boston, MA, for Rogers Wireless, Inc.

John Nilsson, Michael B. Keating, Philip C. Swain, Stephen B. Deutsch, Foley Hoag, LLP, Boston, MA, for Western Wireless Corp. Monique M. Drake, Gibson, Dunn & Crutcher, LLP, Denver, CO, Marcus E. Cohn, Nixon Peabody, LLP, Boston, MA, Christopher B. Hockett, James G. Snell, Mary T. Huser, Bingham McCutchen LLP, East Palo Alto, CA, for Cingular Wireless, LL.

### RULINGS ON THE COMINEX APPLICATION (DEFENSE EXHIBIT 3544)

HARRINGTON, Senior District Judge.

Before the Court is Defendants' Motion to Admit Defense Exhibit 3544 (Or Portions Thereof) as a Constructive Reduction to Practice and Defendants' Motion to Admit Defense Exhibit 3544 (Or Portions Thereof) into Evidence for Limited Purposes. For the reasons set forth below, the Court denies both of defendants' motions.

### I. Constructive Reduction to Practice

▮ Defendants' first motion requests the Court to reconsider its April 22, 2005

decision in which the Court ruled that the abandoned Cominex application was not admissible as evidence of constructive reduction to practice. The Court rejects defendants' renewed contention that *Rexam Industries Corp. v. Eastman Kodak Co.*, 182 F.3d 1366 (Fed.Cir.1999) "sharply limited" *In re Costello*, 717 F.2d 1346, 1350 (Fed.Cir.1983), insofar as *Costello* set forth the rule that an abandoned patent application cannot typically serve as a constructive reduction to practice. In *Costello*, the Federal Circuit stated: "It has long been settled [since 1896] ... that an abandoned application, with which no subsequent application was copending, cannot be considered a constructive reduction to practice. It is inoperative for any purpose, save as evidence of conception." *Id.* This rule is not controversial. *See* 3 John Gladstone Mills III et al., *Patent Law Fundamentals* § 16:4, at 16–19 (2d ed. 2005 Rev.) (citing *Costello* for this point).

Far from sharply limiting *Costello*'s broad, well-established rule, the Federal Circuit in *Rexam* simply held that *Costello* does not apply when there is no abandonment. While recounting the facts of the case, the Federal Circuit emphasized that "Kodak did not expressly abandon [the '050] application." *Rexam*, 182 F.3d at 1368. The court then held that Kodak's loss of priority to Avery was not tantamount to an abandonment. *Id.* at 1370. Unsurprisingly, the Federal Circuit held that this lack of abandonment rendered *Costello* inapposite. In other words, because there was no abandonment, *Rexam* was "not a case of a lack of co-pendency where co-pendency [was] needed to retain entitlement to a filing date." *Id.* Accordingly, the Federal Circuit rejected plaintiff's argument that Kodak was not entitled to defend its priority over plaintiff. *Id.*

## II. *Date of Conception*

■ The Court now turns to defendants' second motion requesting the Court to admit the abandoned Cominex application for limited purposes. In this motion, the defendants urge the Court to reconsider the portion of its April 22, 2005 decision that ruled the application cannot be admitted as evidence of date of conception. The Court rejects defendants' renewed argument. Although an abandoned application can serve as evidence of conception, *Costello*, 717 F.2d at 1350, the date of conception is not in dispute with regard to the Cominex invention. Defendants have introduced testimony about the Cominex invention for the purpose of showing that it is a prior invention under 35 U.S.C. § 102(g). When considering a prior invention, the pertinent inquiries involve date of conception and date of reduction to practice.

Here, it is undisputed that the Cominex invention was conceived, at the latest, in the Summer of 1993. And it is further undisputed that this date precedes the date of conception for the patents in suit. Therefore, the only issue with respect to the Cominex invention qualifying as a prior invention under Section 102(g) is whether it was sufficiently reduced to practice. Because the date of conception is not in issue, the Court denies defendants' request to admit the abandoned Cominex application for this purpose.[1]

## III. *Corroboration*

■ The Court now addresses defendants' argument that Cominex's aban-

---

1. It is interesting to note that the application was filed after the undisputed date of conception; therefore, admitting the application for date-of-conception purposes would tend to contradict an undisputed fact in evidence, namely, that Reither conducted the first test in the Summer of 1993.

doned patent application should be admitted to corroborate George Reither's testimony concerning the two tests of the Cominex invention. According to Reither, he conducted these tests, which only involved outbound calls, in the Summer of 1993 and November or December of that same year. The Cominex application, which was abandoned approximately two years later, was filed in September, 1993.

"Throughout the history of the determination of patent rights, oral testimony by an alleged inventor asserting priority over a patentee's rights is regarded with skepticism, and as a result, such inventor testimony must be supported by some type of corroborating evidence." *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed.Cir.1998). To determine whether an inventor's testimony is sufficiently corroborated, district courts employ a "rule of reason" test. *Gemstar–TV Guide Int'l, Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352, 1382 (Fed. Cir.2004). In applying this test, "all pertinent evidence" is evaluated to determine the credibility of the inventor's testimony. *Id.* "[E]ach corroboration case must be decided on its own facts with a view to deciding whether the evidence as a whole is persuasive." *Cooper v. Goldfarb*, 154 F.3d 1321, 1331 (Fed.Cir.1998). "Corroborating evidence may take many forms." *Gemstar–TV Guide*, 383 F.3d at 1382. Documentary or physical evidence that is made contemporaneously with the inventive process provides the most reliable proof that the inventor's testimony has been corroborated. *Id.*

In support of their argument, defendants rely on *Sandt Tech. Ltd. v. Resco*

*Metal & Plastics Corp.*, 264 F.3d 1344, 1351–52 (Fed.Cir.2001), in which the Federal Circuit held that an abandoned patent application may corroborate an inventor's testimony of a prior invention under Section 102(g) if that application complies with the general standards for corroboration set forth above. In *Sandt*, 264 F.3d at 1349, the witness "stated in an affidavit that in 1990 ... he had built (and reduced to practice) a two-plated stainless steel upper housing cover that anticipated the invention of the [patent in suit]." In addition, the witness' declaration was accompanied by an undated photograph. *Id.* The Federal Circuit held that the abandoned patent application complied with the general standards for corroboration because, *inter alia*, "[f]igure 2 of the 1991 rejected patent application shows a double-plated stainless steel housing cover consistent with the type of cover [the witness] testified that he had invented." *Id.* at 1352. According to the Federal Circuit, "[a] reasonable jury could only conclude that the drawing shows the second stainless steel plate."

Here, having examined all the pertinent evidence as a whole, the Court rules that the abandoned Cominex application does not comply with the general standards for corroboration. Unlike the *Sandt* case, the application's description of the invention is not consistent with the features used in Reither's tests.[2] During his deposition, Reither testified that the two tests utilized features not disclosed in the patent application, including an auto-dialer, a "1–800" number, and a Feature Group A circuit. Due to the inconsistencies between the two tests and the application, the Court holds that the application does not corroborate

---

2. The application disclosed additional features, such as inbound calling, that all the parties concede were not tested by Reither. Thus, even if Reither's tests were consistent with the features disclosed in the application, these additional features would not be admissible for corroboration purposes.

Reither's testimony concerning the tests.[3]

### IV. *Obviousness and Non–Abandonment*

 The Court next rules that the abandoned Cominex application cannot be admitted to show obviousness because the patent application, which was confidential when the application for the patent in suit was filed, would not have been known to one skilled in the art. "An abandoned patent application may become evidence of prior art only when it has been appropriately disclosed, as, for example, when the abandoned patent is referenced in the disclosure of another patent, in a publication, or by voluntary disclosure under 37 C.F.R. § 1.139." *Lee Pharm. v. Kreps,* 577 F.2d 610, 613 (9th Cir.1978).

Finally, the Court rules that the prosecution history of the abandoned Cominex application is excluded from evidence. Defendants argue that the prosecution history is admissible to rebut plaintiff's argument that the Cominex invention was not abandoned, suppressed, or concealed under Section 102(g). But plaintiff does not make this argument. Although plaintiff makes much of the undisputed fact that Cominex abandoned its *patent application,* plaintiff does not argue that the Cominex *invention* cannot qualify as a prior invention under Section 102(g) because it was abandoned, suppressed, or concealed. As such, defendants cannot introduce the prosecution history to rebut an argument not asserted by plaintiff.

### V. *Conclusion*

Based on the foregoing, the Court rules that its Order of April 22, 2005 stands and that Exhibit 3544 cannot be admitted for the limited purposes of conception, corroboration, obviousness, or nonabandonment.

SO ORDERED.

---

**3.** Although the Court recognizes the contemporaneity between the two tests and the application, the presence of this important factor, without more, is insufficient to overcome the significant disparities between the application and the tests.